UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-02769-MWF** ✓           Date: **September 12, 2012**
           **CV 12-01787-MWF**

Title:     In Re: Consolidated Employer Management Solutions, Inc.

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT
        JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR APPELLANT:   ATTORNEYS PRESENT FOR APPELLEES:

None Present                        None Present

PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING APPELLEES' MOTION TO DISMISS APPELLANT ANDERSON'S APPEALS OF BANKRUPTCY COURT ORDERS [CV 12-01787, 14], AND DENYING AS MOOT APPELLEE'S REQUEST TO STRIKE JOINDER [CV 12-01787, 26]

    This matter is before the Court on the Motion to Dismiss Robert J. Anderson's Appeal of a Bankruptcy Court Order Granting the Trustee's Motion for the Sale of the Estate's Claims filed by Appellees Real Time Staffing, Inc., Koosharem Corporation, New Staff, Inc., KT, Inc., Pay Services, Inc., PBT, Inc., D. Stephen Sorensen, and Fannich Investment Management, Inc. (the "Motion"). (CV 12-01787, Docket No. 14).

    As an initial matter, the Court notes that as part of this consolidated appeal Appellant Robert J. Anderson, Jr. has appealed two additional Bankruptcy Court orders: the "Order of Abstention and Remand to the State Court of Adversary" and the "Order Granting Stipulation for Dismissal of Counter-Claim." (*See id.*, Docket No. 33). Although the Motion was filed as to only one of the three orders that Anderson has appealed, the Court deems the Motion as applying to the appeal in general and consequently to all three of the relevant orders. The Court does so

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-02769-MWF** ✓           Date: **September 12, 2012**
           **CV 12-01787-MWF**

Title:     In Re:  Consolidated Employer Management Solutions, Inc.

---

because the Motion asserts Anderson's lack of standing, and because all three orders relate to the sale of the estate's claims as to which the "first" appeal and the Motion were filed.  (*See* Joint Supplemental Brief Re:  Expanding Motion to Dismiss to Cover All Three Appeals (*id.*, Docket No. 37).

      The Motion is made pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure on the ground that Anderson lacks standing to bring this appeal.  The Court has read and considered the papers filed on this Motion and held a hearing on September 10, 2012.  As set forth below, the Motion is GRANTED.

      The parties are familiar with the facts of this case, having fully briefed the standing issue not only during the proceedings before the United States Bankruptcy Court, but also before this Court (the Honorable Jacqueline H. Nguyen) on Anderson's Emergency Motion Pursuant to Federal Rules of Bankruptcy Procedure Rule 8005 [*sic*] for Stay Pending Appeal (the "Emergency Application").  (*Id.*, Docket No. 5).  The Court will discuss only the facts relevant to the disposition of the Motion.

      On March 2, 2012, Anderson filed the Emergency Application in connection with his Notice of Appeal Re:  Order Granting Motion for Sale of Estate's [C]laims.  (*Id.*, Docket Nos. 2, 5).  On March 9, 2012, the Court denied the Emergency Application on the grounds that it was procedurally defective and that Anderson lacked standing (the "March 9 Order").  (*Id.*, Docket No. 12).  This Motion followed.  (*Id.*, Docket No. 14).

      The Court already has addressed Anderson's standing to appeal the Bankruptcy Court orders here at issue.  In the March 9 Order (at 2), the Court noted that Bankruptcy Judge Robert N. Kwan had concluded that Anderson lacked standing to seek a stay pending appeal because Anderson had failed to demonstrate that the estate potentially would return a surplus to the debtors.  As the Court explained:  "Anderson has failed to present any evidence showing that Judge Kwan erred in finding that he has no standing to oppose the sale . . . .  Judge Kwan has

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-02769-MWF** ✓              Date:  **September 12, 2012**
           **CV 12-01787-MWF**

Title:     In Re:  Consolidated Employer Management Solutions, Inc.

---

determined that Anderson has no standing not once, but thrice, yet Anderson has failed to offer any reason why such finding was clear error."  (March 9 Order at 3).

"Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order."  *In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983).  In his Opposition, Anderson asks the Court to revisit its decision with regard to the issue of standing.  (Opp. at 8-9).  However, Anderson presents no new grounds or basis for reconsidering the Court's March 9 Order or Judge Kwan's (three) prior orders holding that Anderson lacks standing.  (*See* Emergency Application Exs. 1, 2, 4).  Dispositively, Anderson to date has adduced no competent evidence demonstrating the potential for a surplus estate in this case.

At the hearing, counsel for Anderson mentioned an argument that was raised in Anderson's Opposition only in passing.  This argument based standing on Anderson's purported tax liability – *i.e.*, that "as the principal [he] has liab[ility] for some of the tax debts" of the debtor and that he consequently "is an aggrieved person based on the trustee settling away the assets of the estate such that the tax debts will not be paid."  (Opp. at 9).  This nebulous tax issue does not change the result.  Tellingly, Anderson's counsel admitted that tax liability is disputed.  It is not clear whether Anderson will have any tax liability.  In any event, Anderson has failed to demonstrate that the estate would have collected an adequate recovery in litigation instead of settlement such that Anderson's purported tax liability would have been reduced – and he thus would have been "aggrieved" – in this respect.  Indeed, this argument appears to be something of a litigation contrivance in response to Appellees' assertion that Anderson lacks standing to pursue this appeal.

Accordingly, the Motion (CV 12-01787, Docket No. 14) is GRANTED, and this appeal is DISMISSED ***with prejudice***.

The Court does not reach Appellees' argument relating to mootness.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-02769-MWF** ✓               Date:  **September 12, 2012**
          **CV 12-01787-MWF**

Title:     In Re:  Consolidated Employer Management Solutions, Inc.

---

      In addition, Appellees' Request to Strike Joinder and Opposition to Joinder Filed by Debtor, Douglas Holmes, and Robertson Ryan and Associates Joinder [*sic*] to Robert J. Anderson, Jr.'s Opposition to Motion to Dismiss Appeal is DENIED as moot.  (*Id.*, Docket No. 26).  Debtor, Douglas Holmes and Robertson Ryan and Associates already have filed a Withdrawal of Joinder to Robert J. Anderson, Jr.'s Opposition to Motion to Dismiss Appeal.  (*Id.*, Docket No. 27).

      IT IS SO ORDERED.


 cc: Bankruptcy